*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-377

MAY TERM, 2015

| | |
|---|---|
| Tammy Schey | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Daniel Fuller | } DOCKET NO. 512-5-13 Cncv |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

In this partition action, plaintiff appeals a decision of the superior court, civil division, apportioning the equity in the parties' house. We reverse and remand for a new accounting award consistent with our decision below.

The following findings are undisputed. Plaintiff and defendant were domestic partners for approximately twenty-three years, from 1989 until 2012. In 2000, they purchased a house together as joint tenants with right of survivorship. Both of their names are on the title to the house, and they intended to share ownership and property expenses equally. Plaintiff paid the entire $47,155 down payment, and defendant agreed to reimburse her for half of that amount. They obtained a mortgage loan for $113,900, which was refinanced in 2001 for the same amount and in 2003 for $113,500. They intended to share their mortgage obligations equally, but in fact plaintiff paid all of the mortgage principal and interest between 2000 and 2013, which amounted to $138,905. She also paid the entire $41,835 in property taxes, $7994 in homeowner's insurance, and $49,000 in utilities over that time period. At the time of the partition hearing, the house was assessed at $236,200, which the court accepted as the fair market value of the house. The house had an outstanding mortgage of $42,302, leaving $193,898 in equity.

The parties renovated, remodeled, and repaired the house between 2000 and 2012. Plaintiff paid the entire $42,560 in out-of-pocket expenses for the home projects. Both parties contributed labor to the projects. Defendant contributed more labor than plaintiff, but plaintiff frequently worked alongside defendant or paid another worker to assist him. Plaintiff paid for many of defendant's non-house-related expenses over the years, including medical bills, groceries, household items, truck insurance, and cell phones. During the twelve-year period, defendant wrote checks to plaintiff totaling $11,437, but plaintiff could not recall whether those checks were intended to reimburse her for house-related or non-house-related expenses, and defendant did not present any evidence on this issue.

The court awarded plaintiff exclusive title to the house based on this evidence and the parties' recognition that plaintiff had made nearly all of the financial contributions for the purchase and maintenance of the property during the twelve-year period. The focus of the

parties' dispute was on arriving at a proper accounting. Plaintiff asked the court to find that defendant's equitable interest in the house was nominal if not a negative, while defendant requested a judgment that recognized his contributions to the house over the years. Based on the above evidence, the court found that during the twelve-year period plaintiff contributed a total of $328,389 and defendant a total of $53,997. After adding those sums, the court calculated that plaintiff had made eighty-six percent, and defendant fourteen percent, of the total house-related contributions. Applying those percentages to the house's equity, the court concluded that plaintiff was entitled to $166,520, and defendant $27,378, of the equity in the house. Accordingly, the court awarded the house to plaintiff and required her to pay defendant $27,378.

On appeal, plaintiff argues that the trial court erred by applying a novel partition accounting methodology and by making certain findings that were unsupported by the evidence. Plaintiff first argues that the court erred by not dividing the house's equity in half and then offsetting against defendant's share of the equity all of her house-related contributions in excess of the agreed-upon fifty-percent division. According to plaintiff, doing so here would have resulted in a nominal or negative award for defendant, depending on whether we uphold her challenges to the trial court's calculations as to the parties' respective contributions. Plaintiff argues that this Court's precedents required such an analysis absent compelling circumstances, which did not exist here. She also contends that the methodology employed by the court resulted in an inequitable accounting.

We disagree. "We review the trial court's assessment of equitable remedies, like partition, for abuse of discretion, and will uphold the trial court's judgment unless the trial court has withheld its discretion entirely or exercised it for clearly untenable reasons or to a clearly untenable extent." Currie v. Jane, 2014 VT 106, ¶ 25, 109 A.3d 876 (quotation omitted). In making a partition accounting, the court has broad discretion and is not restricted to one approach to achieve an equitable result. Id. ¶ 29. Generally, the partitioning court should divide the property in half and then first "determine the contributions of each party towards the actual expenses of the house." Whippie v. O'Connor, 2010 VT 32, ¶ 15, 187 Vt. 523. That is precisely what the court did here. "[W]hen one cotenant pays more than his or her share of property-related expenses, she or he is entitled to proportionate reimbursement, or credit, from the other tenants to reflect the proportionate burden of co-ownership." Id. ¶ 16 (emphasis added). In this case, the court chose to apply the proportionate share of each party's contributions to the current equity in the house to arrive at an equitable accounting. This methodology is neither precluded by our case law nor inequitable under the circumstances of this case. Although plaintiff made the vast amount of the property-related contributions, defendant also contributed to the value of the property. Thus, the court did not abuse its broad discretion by awarding him a relatively small share of the house's equity proportionate to his limited contributions.

Next, plaintiff challenges certain findings related to the trial court's assessment of the respective contributions of the parties. First, plaintiff contends that no credible evidence supported the court's findings that defendant worked 1064 hours on home projects over the twelve-year period and that his work was worth $40 per hour. These findings were based on defendant's admitted exhibit in which he detailed the various home projects he did, indicated the number of hours that he worked on each one, and then multiplied those hours by $40 to arrive at a final figure. Plaintiff lived with defendant during the years in question and yet she does not challenge any of the specifics of his claimed projects, arguing only that defendant's exhibit was insufficient to support the court's finding and that she hired other workers for a lesser hourly rate. It is within the province of the trial court to determine the credibility of witnesses and

2

weigh the evidence; thus, plaintiff has failed to demonstrate that the challenged findings are clearly erroneous. Id. ¶ 12 (stating that trial court's findings are upheld as long as they are supported by credible evidence and that we defer to trial court's assessment of credibility and weighing of evidence).

Plaintiff also argues that the trial court should have credited her for her labor contributions, given its findings that she contributed labor to plaintiff's home improvement projects and that she frequently worked alongside him or paid a worker to do so. The problem with this argument is that plaintiff does not cite to any evidence she submitted quantifying her labor on which the trial court could have relied in making its calculations. Accordingly, we find no abuse of discretion in the court's decision not to credit plaintiff for any labor contributions.

Finally, plaintiff argues that the trial court's calculation of defendant's financial contributions is inconsistent with its findings. The court credited defendant for all of the $11,437 in checks he gave plaintiff between 2000 and 2012, even though it found that plaintiff paid for many of defendant's non-household expenses during those years and that plaintiff could not recall whether the checks were for house-related or non-house-related expenses. We agree that given the state of the evidence, the court's own findings, and defendant's failure to prove that the checks were for house-related expenses, the trial court should not have treated those checks as house-related contributions.

<u>Reversed and remanded for the superior court to deduct $11,437 from defendant's house-related contributions, to make a new accounting award based on that change, and to enter a new judgment</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice